UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG R. ARVESON,

                    Plaintiff,

    – *against* –

AMERICAN UNIVERSITY OF
ANTIGUA, INC.,

                    Defendants.

**ORDER**

25-cv-09933 (ER)

Ramos, D.J.:

In the instant action, Craig R. Arveson filed requests for appointment of *pro bono*

counsel, Doc. 8, 19, and service by United States marshal, Doc. 10, 21. Both requests are

DENIED at this time.

Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil

cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Instead,

pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office

request that an attorney represent an indigent litigant by placing the matter on a list that is

circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New*

*York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of

counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d

390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge*

*v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). Collectively, these cases stand for the

principle that the Court must "first determine whether the indigent's position seems likely to be

of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court

must consider additional factors including the *pro se* litigant's "ability to handle the case without

assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

The Court is unable to conclude at this time that Arveson's claims are likely to have merit, although naturally that may change as the litigation progresses. Accordingly, the application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the progress of the case.

Regarding the request for service by the United States Marshal, courts are required to grant the request only for *in forma pauperis* plaintiffs. Fed. R. Civ. P. 4(c)(3). Arveson claims that he has been granted *in forma pauperis* status. Doc. 21. However, the docket reflects that Arveson's request to proceed *in forma pauperis* was denied by Magistrate Judge Leo Brisbois at U.S. District Court for the District of Minnesota on November 12, 2025. Doc. 11. Accordingly, the application for service by the United States Marshal is DENIED. Arveson is directed to the *Service Guide in Pro Se Cases Where Fees Have Been Paid* (https://nysd.uscourts.gov/sites/default/files/2024-07/Guide%20-%20Service%20-%20Summons%20and%20Complaint%20-%20Fee%20Paid.pdf) for instructions on service.

The Clerk of Court is respectfully directed to terminate the motions, Doc. 8, 10, 19, 21.

It is SO ORDERED.

Dated:    January 5, 2026
          New York, New York

_____
          Edgardo Ramos, U.S.D.J.

2